UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TONY P. DAVIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:16-cv-268(VLB) |
| WARDEN CHAPDELAINE, ET AL.,<br>    Defendants. | :<br>:   May 2, 2016<br>: |

### RULING AND ORDER

The plaintiff, Tony P. Davis ("Davis"), is currently confined at MacDougall Correctional Institution in Suffield, Connecticut. He has filed a complaint pursuant to 42 U.S.C. § 1983, naming Warden Chapdelaine, Captains Butkiewicus and Sharp, and Lieutenant Burgos as defendants.[1] For the reasons set forth below, the complaint is dismissed with leave to amend.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content

---

[1] Plaintiff incorrectly refers to Warden Chapdelaine as Warden Chapdeline in the Complaint. The State of Connecticut Department of Correction website lists Carol Chapdelaine as the Warden of MacDougall-Walker Correctional Institution. *See* http://www.ct.gov/doc/doc/site/default.asp.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The Plaintiff asserts that on April 1, 2015, at MacDougall-Walker Correctional Institution, Lieutenant Burgos handcuffed him behind his back, escorted him to a cell in the restrictive housing unit and placed him in the cell with another inmate. The plaintiff's cellmate assaulted him while he was still in handcuffs. The plaintiff alleges that Warden Chapdelaine, Captains Butkiewicus and Sharp and Lieutenant Burgos were aware that his cellmate had refused other cellmates in the past at other correctional institutions, and that he was a "big problem" at MacDougall. [Dkt. #1, Compl. at 4]. The Complaint does not allege any facts to suggest that any of the defendants knew that the inmate exhibited any violent tendencies or that he engaged in any prior acts of violence. The Plaintiff claims that the defendants should have known that his cellmate might cause him harm.

The court construes the Plaintiff's allegations as a claim that the defendants failed to protect him from assault by his cellmate.  The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody."  *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  In *Farmer*, the Supreme Court set forth a two-part test to determine when a prison employee's failure to protect an inmate from harm rises to the level of a constitutional violation.  Under the first part of the test, the prisoner must demonstrate that, objectively, his or her conditions of incarceration posed a "substantial risk of serious harm."  *Id.* at 834.  Under the second part of the test, the prisoner must show that, subjectively, the prison official acted with deliberate indifference to the prisoner's health or safety.  An official acts with deliberate indifference when he or she knows that the inmate faces a substantial risk to his or her health or safety and disregards that risk by failing to take corrective action.  *See id.* at 837, 847.  A prison official who "actually knew of a substantial risk to inmate health or safety," but responded in a reasonable manner to the risk, "may be found free from liability" under the Eighth Amendment, "even if the harm ultimately was not averted."  *Id.* at 844.

The conditions of confinement in the restrictive housing unit as described by the Plaintiff did not pose a serious risk of harm to him.  Furthermore, the facts do not suggest that the defendants were on notice that his cellmate had violent tendencies and might assault him.  The plaintiff only alleges that the defendants knew that his cellmate had refused other inmates and was a known problem at the

3

facility.  The facts as alleged in the complaint do not state a plausible Eighth Amendment claim that the defendants failed to protect the plaintiff from a known and substantial harm.  Thus, the claims against the defendant are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1)     All claims against the defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The court will permit the plaintiff leave to file an amended complaint within twenty-one days of the date of this order in order to assert facts which meet the Eighth Amendment standard for stating a failure to protect claim against the defendants.  The amended complaint should include facts showing how the conditions of confinement in the restrictive housing unit posed a serious risk of harm to his safety and how each defendant was aware of and disregarded the risk to his safety.

(3)     If the plaintiff does not file an amended complaint within the time specified, the clerk shall enter judgment in favor of the defendants and close this case.

SO ORDERED at Hartford, Connecticut this 2nd day of May, 2016.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE