UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TONY P. DAVIS, | : | PRISONER CASE NO. |
|     Plaintiff, | : | 3:16-cv-268 (VLB) |
| | : | |
| v. | : | |
| | : | |
| CHAPDELAINE, et al., | : | |
|     Defendants. | : | JULY 28, 20178 |

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

On February 18, 2016, the plaintiff, Tony P. Davis, an inmate currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker") and proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Warden Carol Chapdelaine, Captain Butkiewicus, Captain Sharp, and Lieutenant Burgos, all of whom are employees of the Connecticut Department of Correction ("DOC"). He claimed that the defendants acted with deliberate indifference to his safety, in violation of his Eighth Amendment protection against cruel and unusual punishment, when they placed him in a restrictive housing cell with an inmate who immediately assaulted him, despite knowing that the inmate had refused other cellmates in the past.

On May 2, 2016, this Court dismissed his complaint for failure to state a plausible claim under 28 U.S.C. § 1915A(b)(1) because the plaintiff failed to sufficiently allege that the conditions of confinement at the restrictive housing unit posed a serious risk of harm to him or that the defendants knew that the inmate who assaulted him had violent tendencies or a desire to assault him. *See* Initial Review Order #10 at 3.

The plaintiff filed an amended complaint on May 13, 2016 [Doc.#12], which contained more factual support for his deliberate indifference claim. After reviewing this complaint, the Court permitted the plaintiff's deliberate indifference claim to proceed against the defendants. The defendants answered the complaint on August 1, 2016.[1]

On February 22, 2017, the defendants moved for summary judgment against the plaintiff [Doc.#55]. The plaintiff filed a written opposition to the defendant's motion on March 27, 2017 [Doc.#63]. The plaintiff then filed his own motion for summary judgment against the defendants [Doc.#64], to which the defendants filed an opposition [Doc.#65]. Afterward, the plaintiff filed a supplemental memorandum in support of his motion for summary judgment [Doc.#68]. For the following reasons, the Court will GRANT the defendants' motion and DENY the plaintiff's motion.

I.      **Relevant Legal Principles**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party"

---

[1] After the Court accepted the amended complaint [Doc.#12] and permitted the plaintiff's deliberate indifference to safety claim to proceed against the defendants, the plaintiff filed an identical amended complaint, which was assigned a separate docket number [Doc.#15]. The defendants answered the second amended complaint [Doc.#15]. For purposes of the motions for summary judgment, the Court will refer to the second amended complaint [Doc.#15] as the operative complaint.

based on it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (mere existence of alleged factual dispute will not defeat summary judgment motion).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation."  *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).  Thus, the party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*; *see also First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968) (nonmoving party must submit sufficient evidence supporting claimed factual dispute to require factfinder to resolve parties' differing versions of truth at trial).

In reviewing the record, the Court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor."  *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted).  If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party for the issue on which summary judgment is sought, however, summary judgment is improper.  *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

**Where one party is proceeding *pro se*, the Court must read the *pro se* party's papers liberally and interpret them "to raise the strongest arguments that they suggest."  *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted).  Despite this liberal interpretation, however, "[u]nsupported allegations do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment.  *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000), *cert. denied*, 540 U.S. 811 (2003).**

**II.     Factual Allegations**

**The following factual allegations are not in dispute.**

**On April 1, 2015, Lieutenant Burgos escorted the plaintiff, who was handcuffed, to a restrictive housing unit where he would share a cell with another inmate named Talton.  Before escorting the plaintiff into the cell, Burgos ordered Talton, who was not handcuffed, to sit on his bunk, and Talton complied.  Once Talton was seated, Burgos opened the cell door and ordered the plaintiff to step inside while remaining handcuffed.  Per protocol, Burgos had to remove the plaintiff's handcuffs through the trap on the cell door after it closed behind the plaintiff.  However, as the cell door was closing, Talton stood up from his bed and rushed toward the door where the plaintiff was standing.  Talton attempted to push his way toward the correction officers and, in doing so, assaulted the plaintiff, who was still handcuffed, by punching him in the chest.  The correction officers immediately rushed into the cell and separated Talton from the plaintiff.**

4

They deployed a chemical agent to Talton's face in an effort to subdue him. Def.'s Mot. Summ. J. Ex. 1 [Doc.#55-2 at 15].

The plaintiff was taken to a nearby empty cell, where medical staff asked him if he had sustained any injuries from the attack. Def.'s Mot. Summ. J. Ex. 1 [Doc.#55-2 at 7]. The plaintiff informed medical staff that "he was fine," and the staff's assessment of his chest showed no signs of raised, red or tender areas. *Id.* [Doc.#55-2 at 38]. He declined to pursue outside criminal charges with the Connecticut State Police against Talton. *Id.*

In the years prior to the incident, Talton developed a history of, and was often reprimanded for, repeatedly attempting to obtain single-cell status. Def.'s Mot. Summ. J. Ex. 1 [Doc.#55-2 at 10-11]. While housed at Northern Correctional Institution, he received disciplinary reports for refusing to take cellmates. *Id.* at 11; Pl.'s Opp'n to Def.'s Mot. Summ. J. Ex. 3. On at least one occasion, Talton threatened to bring bodily harm to an inmate who was placed in his cell. Pl.'s Opp'n to Def.'s Mot. Summ. J. Ex. 3. While at MacDougall-Walker, Talton stated that he wanted to be in cell by himself because he had a "vision of hostility." *Id.* at 2. Nevertheless, as of March 31, 2015, one day prior to the incident, Talton was not on single-cell status and needed to receive a cellmate during the next placement. Def.'s Mot. Summ. J. Ex. 1 [Doc.#55-2 at 8]. At the time, there was no information prohibiting Talton and the plaintiff from sharing a cell. *Id.* at 10.

III.   Analysis

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Hudson v. Palmer*, 468 U.S.

5

517, 526-27 (1984). "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). However, not every injury suffered by one prisoner from another prisoner establishes constitutional liability on the part of the prison officials responsible for victim. *Farmer*, 511 U.S. at 834. A prison official violates the prisoner's Eighth Amendment protection against cruel and unusual punishment only when two requirements are met. *Id.*

First, the plaintiff must prove that the deprivation was "objectively, sufficiently serious . . . ." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). If the claim is based on the defendants' failure to prevent harm, the plaintiff must prove that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* To determine whether the prisoner faced an excessive risk of serious harm, courts "look at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotations and citation omitted).

Secondly, the plaintiff must prove that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-03). This requirement is based on the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* (quoting *Wilson*, 501 U.S. at 297). The prison official must have disregarded an excessive risk to the prisoner's health or safety. *See id.* at 837. Whether an official had knowledge of a substantial risk of harm is a question of fact "subject

6

to demonstration in the usual ways, including inference from circumstantial evidence." *Id.* at 842.  In cases involving the failure to prevent an attack from another inmate, a prisoner may prove deliberate indifference by showing that the official had actual knowledge of a "longstanding, pervasive, well-documented, or expressly noted" substantial risk of inmate attacks.  *See id.* at 842-43.

In support of their motion for summary judgment, the defendants rely on a video recording of the incident, which shows minimal physical contact between Talton and the plaintiff and that the plaintiff was not injured during the incident. *See* Def.'s Mot. Summ. J. Ex. 2 [video exhibit].  The plaintiff counters that *Farmer* does not require him to prove an actual injury in order to prevail on a claim of deliberate indifference to safety.  Pl's Opp'n to Def.'s Mot. Summ. J. at 3. Alternatively, he argues that he had "down-played" his injuries to medical staff because of an "adrenalin rush."  Pl.'s Decl. in Opp'n to Def.'s Mot. Summ. J. at 2. He alleges that he experienced greater pain in his lower back and left knee in the days following the incident and was given medication to relieve the pain.  Pl.'s Opp'n to Def.'s Mot. Summ. J. at 3; Pl.'s Mot. Summ. J. at 2.

In support of his summary judgment motion, the plaintiff argues that he has proven the defendants' deliberate indifference to his safety through their failure to act on numerous reports and information regarding Talton's refusal to have, and threats to harm, cellmates, which date back to 2011.  As evidence, he relies on Talton's affidavit and the disciplinary reports from Northern and MacDougall-Walker showing Talton's history of refusing and threatening

7

cellmates and that he had notified the defendants of his intention to harm them. Pl.'s Mot. Summ. J. Ex. 1, 3.

In response, the defendants acknowledge that Talton "has, on occasion, refused to have cellmates" and that he "had been on single cell status *in another facility.*" Def.'s Local Rule 56(a)(2) Statement at 2 (emphasis in original). Nevertheless, the defendants argue that the video shows that "the 'altercation' between . . . Talton and the plaintiff was *de minimis* and did not rise to the level of a constitutional violation." Def.'s Resp. to Pl.' Mot. Summ. J. at 1. In his reply brief, the plaintiff argues that the video does not show the "internal pain" that he sustained from the assault. Pl.'s Reply Br. in Supp. of Mot. Summ. J. at 1.

The majority of decisions in this Circuit have established that a plaintiff in an Eighth Amendment failure to prevent harm claim must show some form of actual injury in order satisfy the objective element of the deliberate indifference standard. *See Encarnacion v. Dann*, 80 F. App'x 140, 141 (2d Cir. 2003) (affirming district court's decision granting defendants summary judgment because plaintiff suffered no actual injury from defendants' failure to protect him from other inmate); *Colliton v. Gonzalez*, 07 Civ. 2125 (RJH)(MHD), 2011 WL 1118621, *6 (S.D.N.Y. Mar. 23, 2011) (minor injuries resulting from three incidents in which plaintiff was attacked by other inmate insufficient to establish risk of harm for deliberate indifference claim); *Parker v. Peek-Co*, 06 Civ. 1268 (GLS)(DEP), 2009 WL 211371, *6 (N.D.N.Y. Jan. 27, 2009) (granting defendants summary judgment on deliberate indifference claim based on plaintiff's failure to show actual injury); *Newman v. Duncan*, 04 Civ. 395 (TJM)(DRH), 2007 WL 2847304, *5 (N.D.N.Y. Sep.

8

26, 2007) ("[A]n inmate must demonstrate an 'actual injury' when alleging a constitutional violation") (quoting *Brown v. Saj*, 06 Civ. 6272 (DGL), 2007 WL 1063011, *2 (W.D.N.Y. Apr. 5, 2007)); *but see Smolen v. Fischer*, 12 Civ. 1856 (PAC)(AJP), 2012 WL 3609089, *4 (S.D.N.Y. Aug. 23, 2012) (prisoner need not show actual injury for claim that prison officials exposed him to toxic substances). Requiring the plaintiff to show actual injury is consistent with 42 U.S.C. § 1997e(e), which prohibits a prisoner from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." *See Colon v. Furlani*, 07 Civ. 6022L, 2008 WL 5000521, *3 (W.D.N.Y. Nov. 19, 2008) (barring prisoner's failure to protect claim under § 1997e(e) based on lack of any physical injury); *Newman*, 2007 WL 2847304, *5 n.8 (rejecting prisoner's contention that attempted sexual assaults by other inmates caused him mental or emotional injuries).

Although the threshold injury required for an Eighth Amendment failure to protect claim is not well-established, other Circuits also require prisoners to prove more than a *de minimis* injury in order to prevail on such claims, particularly when they are seeking monetary damages against the prison officials. *See Parker v. Stevenson*, 625 F. App'x 196, 200 (4th Cir. 2015) (swelling in prisoner's lower extremities insufficient to establish serious deprivation for unconstitutional conditions of confinement); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a [42 U.S.C.] § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir.

9

2005) (injury must be more than *de minimis* for Eighth Amendment claim to proceed); *Ruiz v. Price*, 84 F. App'x 393, 395 (5th Cir. 2003) (prisoner cannot recover damages from prison officials on failure to protect claim based on *de minimis* injuries); *Johnson v. Ortiz*, 157 F.3d 902, *1 (5th Cir. 1998) (prisoner cannot prevail on deliberate indifference to safety claim based on *de minimis* shoulder injury); *Edison v. Hudson*, 91 F.3d 129, *1 (4th Cir. 1996) (prisoner's *de minimis* injuries do not provide basis for failure to protect claim); *Ellis v. Bass*, 982 F.2d 525, *1 (8th Cir. 1992) (prisoner's *de minimis* injury from other inmate's act of dousing him with bucket of water, bleach, and cleanser insufficient to satisfy objective element of failure to protect claim). Based on the foregoing case law, the Court agrees with the defendants in this case that the plaintiff must prove more than a *de minimis* injury in order to prevail on his Eighth Amendment claim that the defendants failed to protect him from Talton's attack.

The plaintiff argues that under *Farmer*, 511 U.S. at 845, he is not required to sustain an actual injury in order to obtain relief from unsafe conditions of confinement and, therefore, does not have to prove that he suffered an actual injury. Pl.'s Opp'n to Def.'s Mot. Summ. J. at 3. In *Farmer*, 511 U.S. at 845, the Supreme Court rejected the argument that a subjective deliberate indifference test will unjustly require prisoners to suffer physical injury before obtaining preventive relief. While it is true that a prisoner does not have to wait for a "tragic event" such as an assault by another inmate to occur before obtaining relief, the plaintiff in this case is not suing the defendants based on a present unsafe condition or imminent threat. Rather, he is suing them for their past action of

placing him in a cell with Talton and seeking compensatory and punitive damages. *See Brown*, 2007 WL 1063011, *2 (limiting *Farmer* to claims involving inmates under *present* threat of imminent harm); *Irving*, 519 F.3d at 448 (claims under Eighth Amendment require compensable injury to be greater than *de minimis*); *Ruiz*, 84 F. App'x at 395 (prisoner cannot recover damages on failure to protect claim based on *de minimis* injuries). Because the plaintiff is seeking compensatory and punitive damages based on the defendants' alleged failure to prevent the attack from Talton, he is required to prove a more than *de miminis* injury in order to prevail on his Eighth Amendment claim.

After reviewing all of the evidence in this case, the Court agrees with the defendants that any injury suffered by the plaintiff as a result of Talton's attack was *de minimis*. The video of the incident shows that the plaintiff did not sustain any injury from the punch to his chest and reacted calmly immediately thereafter. His medical evaluation administered shortly after the incident showed no signs of injury, and he did not complain of any pain or discomfort in the hours following the incident. Def.'s Mot. Summ. J. Ex. 2 [Doc.#55-2] at 38. Courts have rejected failure to protect claims based on injuries more serious than the one complained of in this case. *Ellis*, 982 F.2d at *1 (plaintiff's inability to see for fifteen minutes after inmate threw bucket of water and bleach on him *de minimis* and insufficient for failure to protect claim); *Colliton*, 2011 WL 1118621, *6 (plaintiff's injuries after being punched several times by other inmates, for which he did not seek medical attention, were *de minimis* for failure to protect claim); *Parker*, 2009 WL 211371, *6

(plaintiff's failure to protect claim based on inmate assault resulting in bruised finger did not withstand summary judgment).

The plaintiff argues that he "downplayed" his injuries at the time and, days later, complained about pain in other areas of his body, including his lower back and left knee. He attached as exhibits, several Inmate Request Reports that he submitted beginning in late April 2015 in which he complained about pain in his back and knee. Pl.'s Mot. Summ. J. Ex. 4. However, nothing in these reports sufficiently connects those injuries to the incident with Talton and the defendants on April 1, 2015; nor does the conclusory assertion in his signed declaration that his "on and off" back pain is a result of the assault by Talton. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (self-serving affidavit repeating conclusory allegations from complaint insufficient to preclude summary judgment); *Allen v. Coughlin*, 64 F.3d 77, 80 (2d Cir. 1995) ("Conclusory assertions in affidavits are generally insufficient to resolve factual disputes that would otherwise preclude summary judgment"). Based on all the evidence presented, a jury could not reasonably infer that the plaintiff sustained more than a *de minimis* injury as a result of the attack.

With respect to his claim for injunctive relief, there is undisputed evidence in the record that the defendants immediately intervened when Talton charged at the plaintiff, separating the two inmates and subduing Talton with pepper spray. Def.'s Mot. Summ. J. Ex. 1 [Doc.#55-2 at 15]; Def.'s Mot. Summ. J. Ex. 2. The defendants then secured the plaintiff in a separate cell and offered him medical attention, which revealed no signs of injury. Def.'s Mot. Summ. J. Ex. 1 [Doc.#55-

2 at 7, 38]. Moreover, the defendants created an ongoing separation profile between Talton and the plaintiff following the incident. Pl.'s Mot. Summ. J. at 5. The plaintiff's Eighth Amendment claim only stems from the failure of the defendants to prevent Talton from assaulting him.[2]  *Ruiz*, 84 F. App'x at 395 (prisoner not entitled to injunctive relief for defendants' failure to prevent inmate assault); *Inside Connect, Inc. v. Fischer*, 13 Civ. 1138 (CS), 2014 WL 2933221, *7 (S.D.N.Y. Jun. 30, 2014) (Eleventh Amendment barred prisoner's claim for injunctive relief based on officials' past conduct that is no longer ongoing). Therefore, he is not entitled to any form of injunctive relief.

## IV.     Conclusion

For the foregoing reasons, the Court will GRANT the defendants' motion for summary judgment [Doc.#55]. The Court need not address the defendants' alternative argument that the plaintiff failed to prove the subjective element of the deliberate indifference standard because it agrees that the plaintiff failed to prove the objective element of the standard. The plaintiff's motion for summary judgment [Doc.#64], which is based on the same arguments as his opposition to the defendant's motion, is DENIED. The Clerk is hereby directed to enter judgment for the defendants and close this case.

---

[2] The plaintiff argues in his motion for summary judgment that, following the incident, he was placed in a cell next to Talton. Pl.'s Mot. Summ. J. at 5. However, he does not explain how, if at all, that placement, if still current, presents an imminent danger to his safety warranting injunctive relief. His request for a "permanent injunction ordering all defendants to follow policies and not put inmates' health and safety at risk knowingly" is overly broad and not tailored to the incident with Talton which gave rise to the alleged constitutional deprivation. Am. Compl. [Doc.#15] at 8.

**SO ORDERED**

_____
**VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE**